## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FIRESTONE FINANCIAL, LLC, | ) |
| | ) |
| Plaintiff, | )  Case No. |
| | ) |
| v. | ) |
| | ) |
| AMERICA'S ATM LLC and | ) |
| BRADFORD MICHAEL DANIEL, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT FOR REPLEVIN AND MONEY DAMAGES

COMES NOW Plaintiff Firestone Financial, LLC ("Firestone") by and through counsel, and for its Verified Complaint for Replevin and Money Damages against Defendants America's ATM LLC ("America's ATM") and Bradford Michael Daniel ("Daniel"), states as follows:

## PARTIES

1. Firestone is a Massachusetts limited liability company registered under the laws of the Commonwealth of Massachusetts. Firestone's sole member is Berkshire Bank, a Massachusetts-chartered banking corporation. Berkshire Bank's principal place of business is located at 24 North St., Pittsfield, Massachusetts 02101.

2. America's ATM is a Delaware limited liability company with its principal place of business located at 5846 S. Flamingo Rd., Suite #256, Cooper City, FL 33330. Upon information and belief, Daniel is the sole member of America's ATM.

3. Daniel is a citizen of the State of Florida residing at 11356 Canyon Maple Blvd., Davie, FL 33330.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1). The

parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because the Defendants are subject to personal jurisdiction in this district. Venue is also proper because the property sought to be recovered pursuant to this Verified Complaint is located in this district.

## FACTS COMMON TO ALL COUNTS

6. According to its website, America's ATM is a national, full-service ATM placement company.

7. During the period of at least 2015 to present, America's ATM obtained financing from Firestone for the acquisition and placement of ATM machines in numerous locations in the Southern District of Florida.

    a. **Master Security Agreement between Firestone and America's ATM.**

8. On April 21, 2015, Firestone, as lender, and America's ATM, as borrower, entered into a Master Security Agreement (the "Master Agreement") wherein, as consideration for Firestone's agreement to extend financing to America's ATM from time to time for the aggregate amounts stated on each and every promissory note, America's ATM granted Firestone a first priority security interest in:

> (i) all equipment of the Borrower (A) listed on Schedule "A" which is attached hereto and made a part hereof, and (B) such other items which shall be listed on the Addendums to Schedule "A" and which shall be attached to a Promissory Note or other amendment to this Agreement and made a part hereof, whether now or hereafter existing, which is now or hereafter owned by Borrower or in which Borrower now has or hereafter acquires rights, and howsoever Borrower's interests therein may arise or appear (whether by ownership, security interest, claim or otherwise); (ii) as it relates to such equipment, all fixtures, inventory, goods, accounts, chattel paper, general intangibles, documents, instruments,

contracts, securities (in each case as such terms are defined in the Code) arising therefrom…all proceeds of any and all of the foregoing collateral…

(the "Original Collateral").  See Master Agreement, attached hereto as **Exhibit 1**.

9. To induce Firestone to enter into the Master Agreement and extend financing to America's ATM from time to time for the aggregate amounts stated on each and every promissory note, Daniel executed the Master Unlimited Guaranty dated July 25, 2016 wherein Daniel guaranteed the payment and performance of all liabilities, agreements and other obligations of America's ATM to Firestone in consideration of Firestone giving, in its discretion from time to time, credit facilities or accommodations to America's ATM.  See Master Unlimited Guaranty attached hereto as **Exhibit 2.**

    b.    **Loan No. xx2863.**

10. On October 4, 2019, Firestone, as lender, and America's ATM, as borrower, entered into an Amendment to Master Security Agreement (the "Master Agreement Amendment No. xx2863") wherein, as consideration for Firestone providing financing to America's ATM, America's ATM granted Firestone a first priority security interest in additional equipment acquired as identified on Schedule A to the Master Agreement Amendment No. xx2863 (the "Loan No. xx2863 Collateral").  A true and correct copy of the Master Agreement Amendment No. xx2863 is attached hereto as **Exhibit 3**.

11. Also on October 4, 2019, America's ATM executed a Promissory Note ("Note No. xx2863" and collectively with the Master Agreement and Master Agreement Amendment No. xx2863, the "Loan No. xx2863" ) in favor of Firestone for the principal amount of $6,966.30 in accordance with the Master Agreement and contemporaneously executed Master Agreement Amendment No. xx2863.  See Note No. xx2863 attached hereto as **Exhibit 4**.

12. Pursuant to Note No. xx2863, America's ATM agreed to make thirty-five (35)

consecutive monthly payments of $228.07, and one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance together with any accrued and unpaid interest thereon or other fees due to lender through the maturity date, all as set forth in Note No. xx2863. See Exhibit 4.

13.  Firestone perfected its first priority security interest in the Loan No. xx2863 Collateral by filing its UCC-1 financing statement in the State of Delaware on October 7, 2019. See UCC-1 financing statement attached hereto as **Exhibit 5**.

14.  Due to the Covid-19 health crisis, and as an accommodation to America's ATM, Firestone agreed to a 90-day deferral of America's ATM's payment obligations under Loan No. xx2863. The deferred payments were moved to the end of the loan term. See Covid deferral letter attached hereto as **Exhibit 6**.

15.  America's ATM defaulted under Loan No. xx2863 by failing to make all necessary payments when due.

16.  As a result of the default under Loan No. xx2863, Firestone is entitled to payment of the accelerated balance remaining of $881.03, plus late charges of $22.80, NSF fees, and prejudgment interest at the rate of 18% per annum, which equals $22.61 as of December 28, 2022. See Master Agreement, ¶ 5.4, and Note No. xx2863, ¶ 7.

    c.    **Loan No. xx9147.**

17.  On August 5, 2020, Firestone, as lender, and America's ATM, as borrower, entered into an Amendment to Master Security Agreement (the "Master Agreement Amendment No. xx9147") wherein, as consideration for Firestone providing financing to America's ATM, America's ATM granted Firestone a first priority security interest in the additional equipment acquired as identified on Schedule A to the Master Agreement Amendment No. xx9147 (the "Loan

No. xx9147 Collateral"). A true and correct copy of the Master Agreement Amendment No. xx9147 is attached hereto as **Exhibit 7**.

18. Also on August 5, 2020, America's ATM executed a Promissory Note ("Note No. xx9147" and collectively with the Master Agreement and Master Agreement Amendment No. xx9147, the "Loan No. xx9147") in favor of Firestone for the principal amount of $28,429.16 in accordance with the Master Agreement and contemporaneously executed Master Agreement Amendment No. xx9147. See Note No. xx9147 attached hereto as **Exhibit 8**.

19. Pursuant to Note No. xx9147, America's ATM agreed to make thirty-five (35) consecutive monthly payments of $907.35, and one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance together with any accrued and unpaid interest thereon or other fees due to lender through the maturity date, all as set forth in Note No. xx9147. See Exhibit 8.

20. Firestone perfected its first priority security interest in the Loan No. xx9147 Collateral by filing its UCC-1 financing statement in the State of Delaware on August 5, 2020. See UCC-1 financing statement attached hereto as **Exhibit 9**.

21. America's ATM defaulted under Loan No. xx9147 by failing to make all necessary payments when due.

22. As a result of the default under Loan No. xx9147, Firestone is entitled to payment of the accelerated balance remaining of $8,704.77, plus late charges of $90.74, NSF fees, and prejudgment interest at the rate of 18% per annum, which equals $185.64 as of December 28, 2022. See Master Agreement, ¶ 5.4; and Note No. xx9147, ¶ 7.

    d.    **Loan No. xx9384.**

23. On October 6, 2020, Firestone, as lender, and America's ATM, as borrower,

entered into an Amendment to Master Security Agreement (the "Master Agreement Amendment No. xx9384") wherein, as consideration for Firestone providing financing to America's ATM, America's ATM granted Firestone a first priority security interest in the additional equipment acquired as identified on Schedule A to the Master Agreement Amendment No. xx9384 (the "Loan No. xx9384 Collateral"). A true and correct copy of the Master Agreement Amendment No. xx9384 is attached hereto as **Exhibit 10**.

24. Also on October 6, 2020, America's ATM executed a Promissory Note ("Note No. xx9384" and collectively with the Master Agreement and Master Agreement Amendment No. xx9384, the "Loan No. xx9384" ) in favor of Firestone for the principal amount of $24,410.14 in accordance with the Master Agreement and contemporaneously executed Master Agreement Amendment No. xx9384. See Note No. xx9384 attached hereto as **Exhibit 11**.

25. Pursuant to Note No. xx9384, America's ATM agreed to make thirty-five (35) consecutive monthly payments of $779.08, and one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance together with any accrued and unpaid interest thereon or other fees due to lender through the maturity date, all as set forth in Note No. xx9384. See Exhibit 11.

26. Firestone perfected its first priority security interest in the Loan No. xx9384 Collateral by filing its UCC-1 financing statement.

27. America's ATM defaulted under Loan No. xx9384 by failing to make all necessary payments when due.

28. As a result of the default under Loan No. xx9384, Firestone is entitled to payment of the accelerated balance remaining of $8,899.72, plus late charges of $77.90, NSF fees, and

prejudgment interest at the rate of 18% per annum, which equals $187.51 as of December 28, 2022. See Master Agreement, ¶ 5.4; and Note No. xx9384, ¶ 7.

  e. **Loan No. xx9567.**

29. On January 26, 2021, Firestone, as lender, and America's ATM, as borrower, entered into an Amendment to Master Security Agreement (the "Master Agreement Amendment No. xx9567") wherein, as consideration for Firestone providing financing to America's ATM, America's ATM granted Firestone a first priority security interest in the additional equipment acquired as identified on Schedule A to the Master Agreement Amendment No. xx9567 (the "Loan No. xx9567 Collateral"). A true and correct copy of the Master Agreement Amendment No. xx9567 is attached hereto as **Exhibit 12**.

30. Also on January 26, 2021, America's ATM executed a Promissory Note ("Note No. xx9567" and collectively with the Master Agreement and Master Agreement Amendment No. xx9567, the "Loan No. xx9567" ) in favor of Firestone for the principal amount of $23,860.00 in accordance with the Master Agreement and contemporaneously executed Master Agreement Amendment No. xx9567. See Note No. xx9567 attached hereto as **Exhibit 13**.

31. Pursuant to Note No. xx9567, America's ATM agreed to make thirty-five (35) consecutive monthly payments of $761.52, and one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance together with any accrued and unpaid interest thereon or other fees due to lender through the maturity date, all as set forth in Note No. xx9567. See Exhibit 13.

32. Firestone perfected its first priority security interest in the Loan No. xx9567 Collateral by filing its UCC-1 financing statement in the State of Delaware on January 27, 2021. See UCC-1 financing statement attached hereto as **Exhibit 14**.

33. America's ATM defaulted under Loan No. xx9567 by failing to make all necessary payments when due.

34. As a result of the default under Loan No. xx9567, Firestone is entitled to payment of the accelerated balance remaining of $11,423.49, plus late charges of $76.16, NSF fees, and prejudgment interest at the rate of 18% per annum, which equals $270.04 as of December 28, 2022. See Master Agreement, ¶ 5.4; and Note No. xx9567, ¶ 7.

  f. **Loan No. xx9918.**

35. On August 11, 2021, Firestone, as lender, and America's ATM, as borrower, entered into an Amendment to Master Security Agreement (the "Master Agreement Amendment No. xx9918") wherein, as consideration for Firestone providing financing to America's ATM, America's ATM granted Firestone a first priority security interest in the additional equipment acquired as identified on Schedule A to the Master Agreement Amendment No. xx9918 (the "Loan No. xx9918 Collateral"). A true and correct copy of the Master Agreement Amendment No. xx9918 is attached hereto as **Exhibit 15**.

36. Also on August 11, 2021, America's ATM executed a Promissory Note ("Note No. xx9918" and collectively with the Master Agreement and Master Agreement Amendment No. xx9918, the "Loan No. xx9918") in favor of Firestone for the principal amount of $121,247.10 in accordance with the Master Agreement and contemporaneously executed Master Agreement Amendment No. xx9918. See Note No. xx9918 attached hereto as **Exhibit 16**.

37. Pursuant to Note No. xx9918, America's ATM agreed to make thirty-five (35) consecutive monthly payments of $3,869.75, and one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance together with any accrued and unpaid interest

8

thereon or other fees due to lender through the maturity date, all as set forth in Note No. xx9918. See Exhibit 16.

38.     Firestone perfected its first priority security interest in the Loan No. xx9918 Collateral by filing its UCC-1 financing statement in the State of Delaware on July 29, 2021.  See UCC-1 financing statement attached hereto as **Exhibit 17**.

39.     America's ATM defaulted under Loan No. xx9918 by failing to make all necessary payments when due.

40.     As a result of the default under Loan No. xx9918, Firestone is entitled to payment of the accelerated balance remaining of $77,695.70, plus late charges of $386.98, NSF fees, and prejudgment interest at the rate of 18% per annum, which equals $1,537.19 as of December 28, 2022.  See Master Agreement, ¶ 5.4; and Note No. xx9918, ¶ 7.

       **g.**     **Loan No. xx0299.**

41.     On January 18, 2022, Firestone, as lender, and America's ATM, as borrower, entered into an Amendment to Master Security Agreement (the "Master Agreement Amendment No. xx0299") wherein, as consideration for Firestone providing financing to America's ATM, America's ATM granted Firestone a first priority security interest in the additional equipment acquired as identified on Schedule A to the Master Agreement Amendment No. xx0299 (the "Loan No. xx0299 Collateral").  A true and correct copy of the Master Agreement Amendment No. xx0299 is attached hereto as **Exhibit 18**.

42.     Also on January 18, 2022, America's ATM executed a Promissory Note ("Note No. xx0299" and collectively with the Master Agreement and Master Agreement Amendment No. xx0299, the "Loan No. xx0299" ) in favor of Firestone for the principal amount of $106,187.39 in

accordance with the Master Agreement and contemporaneously executed Master Agreement Amendment No. xx0299.  See Note No. xx0299 attached hereto as **Exhibit 19**.

43.     Pursuant to Note No. xx0299, America's ATM agreed to make thirty-five (35) consecutive monthly payments of $3,389.10, and one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance together with any accrued and unpaid interest thereon or other fees due to lender through the maturity date, all as set forth in Note No. xx0299.  See Exhibit 19.

44.     Firestone perfected its first priority security interest in the Loan No. xx0299 Collateral by filing its UCC-1 financing statement in the State of Delaware on January 18, 2022.  See UCC-1 financing statement attached hereto as **Exhibit 20**.

45.     America's ATM defaulted under Loan No. xx0299 by failing to make all necessary payments when due.

46.     As a result of the default under Loan No. xx0299, Firestone is entitled to payment of the accelerated balance remaining of $85,084.51, plus late charges of $338.92, NSF fees, and prejudgment interest at the rate of 18% per annum, which equals $2,164.34 as of December 28, 2022.  See Master Agreement, ¶ 5.4; and Note No. xx0299, ¶ 7.

h.      **Loan No. xx0742.**

47.     On May 20, 2022, Firestone, as lender, and America's ATM, as borrower, entered into a Master Security Agreement (the "Master Agreement No. xx0742") wherein, as consideration for Firestone providing financing to America's ATM, America's ATM granted Firestone a first priority security interest in the additional equipment acquired as identified on Schedule A to the Master Agreement No. xx0742 (the "Loan No. xx0742 Collateral").  A true and correct copy of the Master Agreement No. xx0742 is attached hereto as **Exhibit 21**.

48. Also on May 20, 2022, America's ATM executed a Promissory Note ("Note No. xx0742" and collectively with the Master Agreement No. xx0742, the "Loan No. xx0742" ) in favor of Firestone for the principal amount of $8,773.50 in accordance with the contemporaneously executed Master Agreement No. xx0742. See Note No. xx0742 attached hereto as **Exhibit 22**.

49. Pursuant to Note No. xx0742, America's ATM agreed to make thirty-five (35) consecutive monthly payments of $282.07, and one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance together with any accrued and unpaid interest thereon or other fees due to lender through the maturity date, all as set forth in Note No. xx0742. See Exhibit 22.

50. Firestone perfected its first priority security interest in the Loan No. xx0742 Collateral by filing its UCC-1 financing statement in the State of Delaware on May 19, 2022. See UCC-1 financing statement attached hereto as **Exhibit 23**.

51. To induce Firestone to enter into the Master Agreement No. xx0742 and extend financing to America's ATM from time to time for the aggregate amounts stated on each and every promissory note, Daniel executed the Master Unlimited Guaranty dated May 20, 2022 wherein Daniel guaranteed the payment and performance of all liabilities, agreements and other obligations of America's ATM to Firestone in consideration of Firestone giving, in its discretion from time to time, credit facilities or accommodations to America's ATM. See Master Unlimited Guaranty dated May 20, 2022 attached hereto as **Exhibit 24**.

52. America's ATM defaulted under Loan No. xx0742 by failing to make all necessary payments when due.

53. As a result of the default under Loan No. xx0742, Firestone is entitled to payment of the accelerated balance remaining of $7,920.25, plus late charges of $28.20, NSF fees, and

prejudgment interest at the rate of 18% per annum, which equals $210.22 as of December 28, 2022.  See Master Agreement No. xx0742, ¶ 5.4; Note No. xx0742, ¶ 7.

      i.      **Recovery of Collateral.**

54.     As a result of the default under the Master Agreement, Loan No. xx2863, Loan No. xx9147, Loan No. xx9384, Loan No. xx9567, Loan No. xx9918, Loan No. xx0299, and Loan No. xx0742 (collectively the "Loans"), Firestone is further entitled to attorneys' fees and costs incurred enforcing its rights under the Loans.  See Master Agreement, ¶¶ 5.4 and 5.6; Master Agreement No. xx0742, ¶¶ 5.4 and 5.6; Note No. xx2863, ¶ 13; Note No. xx9147, ¶ 13; Note No. xx9384, ¶ 13; Note No. xx9567, ¶ 13; Note No. xx9918, ¶ 8; Note No. xx0299, ¶ 9; and Note No. xx0742, ¶ 8.

55.     The Loans provide that, upon the occurrence of an event of default, Firestone may take possession of and remove the Original Collateral, Loan No. xx2863 Collateral, Loan No. xx9147 Collateral, Loan No. xx9384 Collateral, Loan No. xx9567 Collateral, Loan No. xx9918 Collateral, Loan No. xx0299 Collateral, and Loan No. xx0742 Collateral (collectively the "Collateral").  See Master Agreement, ¶ 5.4; and Master Agreement No. xx0742, ¶ 5.4.

56.     The Collateral consists of approximately one hundred and ten (110) ATM machines located in several counties in the State of Florida.

57.     Firestone estimates the value of the Collateral at $265,000.00, depending on condition and mode of sale.

### COUNT I
### BREACH OF CONTRACT

58.     Firestone repeats and realleges paragraphs 1 through 57 as though fully set forth herein as paragraph 58 of Count I of its Complaint.

59.     Firestone has performed all of its obligations under the Loans.

60. America's ATM defaulted under Loans by failing to make all necessary payments when due.

61. As a result of the default, Firestone is entitled to payment of the accelerated balance remaining of $200,609.47 pursuant to the Loans.

62. Firestone is also entitled to payment of late charges in the amount of $1,021.70 pursuant to the Loans.

63. Firestone is further entitled to prejudgment interest at the rate of 18% per annum from the date of default until entry of judgment pursuant to the Loans, which equals $4,577.55 as of December 28, 2022.

64. Firestone is entitled to NSF fees pursuant to the Loans.

65. Firestone is also entitled to attorneys' fees and costs incurred enforcing its rights under the Loans.  See Master Agreement, ¶¶ 5.4 and 5.6; Master Agreement No. xx0742, ¶¶ 5.4 and 5.6; Note No. xx2863, ¶ 13; Note No. xx9147, ¶ 13; Note No. xx9384, ¶ 13; Note No. xx9567, ¶ 13; Note No. xx9918, ¶ 8; Note No. xx0299, ¶ 9; and Note No. xx0742, ¶ 8.

66. America's ATM has failed and refused to make payment despite demand.

WHEREFORE, FIRESTONE FINANCIAL, LLC respectfully requests that this Court enter Judgment in its favor and against AMERICA'S ATM LLC in the amount of $200,609.47, plus late charges of $1,021.70, NSF fees, and pre-judgment interest at the rate of 18% per annum from the date of default until entry of judgment, which equals $4,577.55 as of December 28, 2022, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT II
## BREACH OF GUARANTY AGAINST DANIEL

67. Firestone repeats and realleges paragraphs 1 through 66 as though fully set forth herein as paragraph 67 of Count II of its Complaint.

68. Daniel executed the Commercial Guaranty dated July 25, 2016 and Master Unlimited Guaranty dated May 20, 2022 (collectively the "Guaranties") wherein he personally guaranteed the prompt payment and performance of America's ATM's obligations to Firestone under the Loans. See Exhibits 2 and 24 attached hereto.

69. Daniel defaulted under the Guaranties by failing to make payment when due under the Loans and his guaranties thereof.

WHEREFORE, Plaintiff FIRESTONE FINANCIAL, LLC respectfully requests that this Court enter judgment in its favor and against Defendant BRADFORD MICHAEL DANIEL in the amount of $200,609.47, plus late charges of $1,021.70, NSF fees, and pre-judgment interest at the rate of 18% per annum from the date of default until entry of judgment, which equals $4,577.55 as of December 28, 2022, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT III
## REPLEVIN

70. Firestone repeats and realleges paragraphs 1 through 69 as though fully set forth herein as paragraph 70 of Count III of its Complaint.

71. This Count is brought pursuant to F.S.A. § 78.01, et seq., made applicable to this proceeding pursuant to Federal Rule of Civil Procedure 64.

72. The Collateral consists of approximately one hundred and ten (110) ATM machines specifically identified in the Loans.

73. Firestone owns and holds the Loans which are in default, and all amounts due thereunder are presently due and owing to Firestone.

74. Pursuant to Loans, upon default, America's ATM is to surrender the Collateral to Firestone.

75. America's ATM has failed and refused to surrender the Collateral despite demand.

76. The Collateral is in the possession or control of America's ATM.

77. America's ATM is wrongfully detaining the Collateral.

78. The Collateral is located at numerous commercial and residential properties located in several counties in the State of Florida.

79. The estimated value of the Collateral is $265,000.00.

80. Upon information and belief, the Collateral has not been taken for a tax, assessment, or fine pursuant to law, nor taken under an execution or attachment against the property of America's ATM.

WHEREFORE, FIRESTONE FINANCIAL, LLC requests that this Court direct that a Writ of Replevin be issued against AMERICA'S ATM LLC commanding the Marshal, or other designated officer, to use all necessary force to replevy and recover the Collateral from AMERICA'S ATM LLC and deliver it to Firestone, and for such other further relief as this Court deems just and proper.

## COUNT IV
## TURNOVER OF COLLATERAL UNDER F.S.A. §679.609

81. Firestone repeats and realleges paragraphs 1 through 80 as though fully set forth herein as paragraph 81 of Count IV of its Complaint.

82. This Count is brought pursuant to F.S.A. §679.609 on the basis that the Collateral is located in the State of Florida.

83. F.S.A. §679.609 provides that after default, a secured party may take possession of the collateral and proceed pursuant to judicial process.

84. F.S.A. §679.609(3) provides: "If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party

15

at a place to be designated by the secured party which is reasonably convenient to both parties." F.S.A. §679.609(3) (West 2022).

85. Due to America's ATM's default under the Loans, Firestone is entitled to the return and exclusive possession of the Collateral. See Exhibit 1, ¶ 5.4.

86. Due to America's ATM's default under the Loans, Firestone may require America's ATM to assemble the Collateral and make it available to Firestone at any place reasonably designated by Firestone. F.S.A. §679.609 (West 2022); see also Exhibit 1, ¶ 5.4.

WHEREFORE, Plaintiff FIRESTONE FINANCIAL, LLC respectfully requests that this Court order the Defendant AMERICA'S ATM LLC to assemble the Collateral and make it available to FIRESTONE FINANCIAL, LLC within fourteen (14) calendar days at a place to be designated by FIRESTONE FINANCIAL, LLC, as well as all other and further relief which this Court deems just.

## COUNT V
## TURNOVER OF COLLATERAL UNDER MASSACHUSETTS GENERAL LAWS 106 § 9-609

87. Firestone repeats and realleges paragraphs 1 through 86 as though fully set forth herein as paragraph 87 of Count V of its Complaint.

88. This Count is brought pursuant to M.G.L.A. 106 § 9-609. This claim is brought in the alternative to Count IV, in the event that the Court finds that Massachusetts law applies to Firestone's possessory action against America's ATM for the Collateral under the choice of law provisions in the Loans.

89. M.G.L.A. 106 § 9-609 provides that after default, a secured party may take possession of the collateral and proceed pursuant to judicial process.

90. M.G.L.A. 106 § 9-609(c) provides: "If so agreed, and in any event after default, a

secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties." M.G.L.A. 106 § 9-609(c) (West 2022).

91.     Due to America's ATM's default under the Loans, Firestone is entitled to the return and exclusive possession of the Collateral.  See Exhibit 1, ¶ 5.4.

92.     Due to America's ATM's default under the Loans, Firestone may require America's ATM to assemble the Collateral and make it available to Firestone at any place reasonably designated by Firestone.  M.G.L.A. 106 § 9-609 (West 2022); see also Exhibit 1, ¶ 5.4.

WHEREFORE, Plaintiff FIRESTONE FINANCIAL, LLC respectfully requests that this Court order the Defendant AMERICA'S ATM LLC to assemble the Collateral and make it available to FIRESTONE FINANCIAL, LLC  within fourteen (14) calendar days at a place to be designated by FIRESTONE FINANCIAL, LLC, as well as all other and further relief which this Court deems just.

Dated this 17th day of January, 2023.

>                                         Blaxberg, Grayson, Kukoff & Forteza, P.A.
>                                         *Attorneys for Plaintiff*
>                                         25 Southeast 2nd Avenue, Suite: 730
>                                         Miami, Florida 33131
>                                         Telephone: (305) 381-7979 Ext. 319
>                                         Fax: (305) 371-6816
>
>                                         By:   */s/ Matthew G. Krause*
>                                                 Matthew G. Krause
>                                                 Florida Bar No.: 844225
>                                                 matthew.krause@blaxgray.com

VERIFICATION

Under penalty of perjury and pursuant to 28 U.S.C. § 1746, the undersigned declarant certifies that the statements set forth in the Verified Complaint for Money Damages and Replevin are true and correct, the attached exhibits are true and accurate copies, the amounts of damages are true and correct, and except as to the matters stated to be on information and belief, the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed this 3rd day of January, 2023.

*/s/ Steven Principi*
Steven Principi
SVP, Portfolio Risk
Firestone Financial, LLC
100 Westminster Street
Providence, RI 02903